[No. 2389]

# MAY A. ADAMS, ALICE E. LUHRS, LULU M. HARRIS, AND WILLIAM T. BIRMINGHAM, RESPONDENTS, *v.* ELLA E. WAGONER AND ERNEST WAGONER (HER HUSBAND), AND H. BELLE WAGONER AND IRA WAGONER (HER HUSBAND), APPELLANTS.

[184 Pac. 814]

1. DEEDS—EVIDENCE SHOWING INCAPACITY OF GRANTOR.
    In action to cancel mother's deed to daughter, executed by mother while in her last illness and a few hours before her death, evidence *held*, at the time of execution of deed, was not possessed of sufficient intelligence to understand fully the nature and effect of the transaction.

2. TRUSTS—EVIDENCE OF CONSULTATION BETWEEN CHILDREN INSUFFICIENT TO ESTABLISH TRUST.
    Evidence of consultation between children, without the knowledge or consent of the mother, whereby children agreed that mother, who was lying on deathbed, should convey property to one of the children, who agreed with the other children to pay the debts of the estate and distribute the residue by proper conveyance equally between other heirs, was not admissible as proof that child to whom property was so conveyed held land in trust for the other children.

3. DEEDS—SUFFICIENCY OF EVIDENCE TO SHOW UNDUE INFLUENCE.
    Evidence *held* to show that mother's deed to daughter, with whom mother was living at time of her death, executed while mother was in her last illness and a few hours before her death, was procured by undue influence of daughter.

4. APPEAL AND ERROR—REJECTION OF TESTIMONY HARMLESS ERROR.
    In suit to cancel mother's deed to daughter, refusal to permit another daughter, who had been joined with grantee daughter as defendant, to testify to transaction between her and mother with respect to mother's disposition of her property, if error, was harmless, where court permitted her statement that deed had been prepared in accordance with mother's directions to stand, and where it was such fact that was sought to be elicited by the rejected testimony.

5. DEEDS—DEED OF INCOMPETENT GRANTOR HELD VOID.
    Mother's deed to daughter, executed while mother was in her last illness, and at a time when she was not capable of comprehending fully and fairly the nature and effect of the transaction, *held* void.

APPEAL from Eighth Judicial District Court, Lyon County; *T. C. Hart,* Judge.

Suit by May A. Adams and others against Ella E.

Wagoner and others. From a judgment for plaintiffs, and from an order denying a motion for new trial, defendants appeal. **Affirmed.**

*LeRoy F. Pike* and *Walter M. Kennedy,* for Appellants:

In an attempt to defeat a deed with parol evidence, or to establish a trust with parol evidence, the evidence must be clear and attended with no uncertainties, and even then must be received with great caution. Dalton v. Dalton, 14 Nev. 419.

. The mental capacity of a person sufficient to execute a deed is the same as that of a person competent to execute a will. Boudin College v. Merritt, 75 Fed. 480.

The burden of proving fraud or undue influence rests upon the contestants of a will. In this case we may consider the deed the same as a will, and therefore the burden of proof rests upon the contestants. In Re Hess's Will, 31 Am. St. Rep. 665.

There is no presumption of fraud or undue influence from the mere fact that the will contains provisions beneficial to the scrivener. Jones on Ev., sec. 191; Carter v. Dixon, 69 Ga. 82; Horah v. Knox, 87 N. C. 483; Critz v. Pierce, 106 Ill. 167.

*J. C. Campbell,* for Respondents:

Where there is a substantial conflict in the evidence on material issues, it is well settled that the decision of the lower court will not be disturbed, if there is substantial evidence to support it. Palmer v. Culverwell, 24 Nev. 114; Welland v. Williams, 21 Nev. 390; Crawford v. Crawford, 24 Nev. 410; Barnes v. W. U. T. Co., 27 Nev. 438; Ford v. Campbell, 29 Nev. 578; Abel v. Hitt, 30 Nev. 93; Tonopah L. Co. v. Nevada A. Co., 30 Nev. 445; Turley v. Thomas, 31 Nev. 181.

Findings supported by any substantial evidence cannot be disturbed on appeal. Burns v. Loftus, 32 Nev. 55.

The trial court is the exclusive judge of the credibility of the witnesses. Anderson v. Feutsch, 31 Nev. 501.

"In some instances, the relation of the parties is such, as where an attorney receives a gift from a client, or a guardian from a ward, that the law itself takes notice of the inequality of their situations, and demands of the donee of a gift affirmative proof of the fairness and good faith of the transaction." Whitely v. Whitely, 78 N. W. 1009. "Clear evidence is required that the transaction was understood, and that there was no fraud, mistake, or undue influence." Ten Eyck v. Whitback, 50 N. E. 963; Gibson v. Hammang, 88 N. W. 500; Brummond v. Krause, 80 N. W. 686; Todd v. Sykes, 33 S. E. 517; Cole v. Getsinger, 71 N. W. 75.

The striking out of the testimony of one of the defendants was not error; but even if it was, it was harmless and not prejudicial to the defendants. Jones on Ev., sec. 773.

"When the evidence shows that a judgment is so clearly right that it should not be reversed for error in admitting or excluding evidence or giving instructions, such error will not be considered on appeal." Yori v. Cohn, 26 Nev. 206.

By the Court, SANDERS, J.:

This suit was brought by certain heirs of Annie Hofheins, late of Yerington, Nevada, against other heirs of said Annie Hofheins (all being her children), to cancel a conveyance of lands and personal property alleged to have been obtained from her a few hours before her death by the defendant children, when, from her condition, she was incapacitated of understanding the nature and effect of the transaction, or, in case such should not be found to be the fact, that the grantee in said conveyance, Ella E. Wagoner, be declared to hold all the property described in said conveyance in trust for all of the children of Annie Hofheins; that she be required to account, and that she be enjoined from disposing of any of the property specified in the alleged conveyance.

With the exception of certain admissions, all the allegations of the complaint were denied by the answer, and

for an affirmative defense the defendants allege: For many years prior to the death of Annie Hofheins, the defendant Ella E. Wagoner lived with her mother at her home in Yerington, Nevada, nursed and cared for her mother, and in consideration of the services rendered and to be rendered by said Ella E. Wagoner, and the agreement on the part of her, the said Ella E. Wagoner, to pay the debts of said Annie Hofheins, the latter sold and delivered to Ella E. Wagoner all of the property described in the deed exhibited with the complaint and sought by the plaintiffs' action to be canceled and annulled; that Annie Hofheins, at the time of the execution and delivery of said deed was of clear and sound mind; that she freely and voluntarily acknowledged the conveyance to be her act and deed; that no trust was created or intended by her to be created by said instrument. The plaintiffs replied, and for reply denied the new matter contained in the answer.

The action being purely equitable in its nature, the issues were tried by the court without a jury. The court found, in part, as follows:

"That at the time Annie Hofheins's name was signed to said purported deed she was in her last illness, from which her death was then imminently impending, and from which she died on the day following the signing of said purported deed; that owing to said illness her mind was weakened and was lacking in understanding; that she was not at the time of signing said deed, nor thereafter, and for several hours prior thereto had not been, in mental condition competent to transact business, or to discuss understandingly any business transaction whatever; that because of her said illness and her consequent mental condition, as aforesaid, and her impending death from said illness, when her name was signed to said purported deed, she was not in mental condition to know or understand its contents, and did not then and there, nor thereafter, know or understand its contents nor apparent legal affect; that the said conveyance was not signed by any person for her, acting

under her conscious direction and authority, while she, the said Annie Hofheins, understood the meaning of said purported deed, or comprehended the amount or nature of the property mentioned therein."

As a conclusion of law the court found that said purported deed should be by judgment and decree canceled and declared to be wholly null and void and of no legal force nor effect whatever. Upon this finding and conclusion the court rendered and caused to be entered its judgment. From the judgment and order denying their motion for a new trial the defendants have appealed.

1. The principle upon which courts of equity act in cases such as that disclosed by the court's finding is clearly stated in the early case of Harding v. Wheaton, 2 Mason, 378, Fed. Cas. No. 6051, affirmed by the supreme court, in Harding v. Handy, 11 Wheat. 125, 6 L. Ed. 429, and followed in Allore v. Jewell, 94 U. S. 511, 24 L. Ed. 260; Turner v. Insurance Co., 10 Utah, 74, 37 Pac. 94, and adjudicated cases without number. From a careful analysis of the conflicting testimony, the undisputed facts, and the attending circumstances surrounding the execution of the conveyance, we are irresistibly led by their combined effect to the conclusion that the deceased, if not disqualified, was, at the time of the conveyance, unfit to attend to business of such importance as the disposition of her entire property, and was not possessed of sufficient intelligence to understand fully the nature and effect of the transaction.

Counsel for the appellants insist, even conceding the physical and mental weakness of the grantor, that the formal execution, acknowledgment, and delivery of the instrument is convincing proof that grantor at the time acted upon her own independent, deliberate judgment, with full knowledge of the legal effect of the instrument, and insist that the case falls within that long line of authorities holding that it did not appear that the grantor was incapable of exercising a discriminating judgment. We are impressed that the conclusion of counsel is refuted by the undisputed testimony of the

parties in interest present, aside from the independent evidence clearly tending to support the court's finding in this particular. It is obvious from the record that those who assumed to act for the grantor and to prepare a deed for her to execute were impressed at the time with the consciousness of the grantor's extreme weakness. The grantor was sick, dying, at the point of death, and within a few hours after the formal execution of the deed she lapsed into a state of coma, until overcome by death on the following day. The grantor took no part in the formation of the deed. No one counseled with or advised her of the purport of the deed, its contents, or its legal effect. She was not advised of her rights, and no one offered to her an explanation of its contents. It sufficiently appears from the evidence that May Adams, Ella E. Wagoner, and H. Belle Wagoner, children of the deceased present and parties to this suit, together with their attorney, held a consultation shortly before the execution of the deed, and without the presence and hearing of the deceased, concerning the disposition of the deceased's property, having in mind that the deceased, some time prior to the execution of the deed and before her condition had become serious, had expressed a desire that her interest in a certain tract of land be mortgaged to a sister of the deceased for the purpose of obtaining sufficient funds to defray the expenses of her illness.

As a result of the consultation between the children present and said attorney, it was agreed and understood between them that to save costs of administration, in the event of the death of their mother, a bargain-and-sale deed should be prepared for her to execute, conveying to Ella E. Wagoner, one of her children (appellant), all of her estate, with the understanding between themselves that the grantee would, upon the death of the grantor, pay the debts of the estate and distribute the residue by proper conveyance equally between all of the heirs of the deceased. This is the deed in question. It appears that H. Belle Wagoner was delegated to present

the deed thus prepared to the grantor for her to execute, and it was understood that, in the event the grantor should raise any objection as to its contents, H. Belle Wagoner would explain to her the purport of the deed. No objection was made by the deceased, and it appears that because of her weakness her signature thereto was effected by H. Belle Wagoner guiding the hand of the deceased, and the deceased acknowledged the deed then and there before a notary.

2-3. While the evidence of the consultation between the children named and their attorney respecting the propriety of disposing of the property of the deceased without her knowledge or consent was not admissible as proof of a trust, as is urged by counsel for appellants in opposition to its admission as evidence for any purpose, it is strong evidence of a conviction that the grantor was at the time unfit to manage or incapable of making disposition of her property, or that she did not possess sufficient intelligence to understand fully the nature and effect of the transaction. Harding v. Wheaton, supra. We use the fact of the arrangement between the children present for the purpose of corroborating the observations already made as to the capacity of Annie Hofheins; for, if such an arrangement was made, it demonstrates in the most forcible manner the opinion of the family as to her incapacity, at least in a judicious manner, to dispose of her property. Assuming she might have been capable in law of executing a deed, it is impossible for us to ignore the fact that she was at the mercy of those immediately about her. We do not impute to any of the children present meditated fraud, or that one was any more responsible than the other for obtaining the deed under such circumstances, but we are constrained to hold that the deed was obtained by undue influence exerted over weakness, upon one whose mind had ceased to be the safe guide of her actions. It is, therefore, against conscience for Ella E. Wagoner to derive any advantage from the deceased's act.

The whole difficulty in this case arises from the conduct of Ella E. Wagoner after the procurement of the deed. Since the death of the grantor she represents the transaction as being an absolute sale to her of all the property of the deceased. To prove this important averment alleged in her answer to the complaint Ella E. Wagoner undertook to prove by H. Belle Wagoner, her codefendant, that Annie Hofheins had stated to her that she intended all her property to go to Ella E. Wagoner and to make her the object of her bounty. The court sustained the objections interposed to all questions designed to elicit from the witness the details of any transaction between the deceased and the witness with respect to the disposition of her property. We are impressed that this course of examination was an attempt to prove a consideration for the conveyance different from that stated in the answer, as well as that expressed in the deed itself.

4. But passing this, counsel for the respondents insist that the witness, being a codefendant and a party in interest, and the other party to the transaction being dead, should not be permitted to testify. On the other hand, counsel for appellants insist that since the witness was made a party to the action against her will, and that she, in her testimony, had disclaimed any interest whatsoever in the result of the litigation, the testimony was competent. Not deciding that the position of either counsel is correct, the evidence of this witness shows (in giving her version of the arrangement between the parties as to the preparation of the deed) that she told the attorney who prepared the instrument to make the conveyance to Ella E. Wagoner, and in response to the question: "Why did you tell Mr. Pilkington to make that deed to Ella Wagoner to all of that property?" she replied: "My mother told me to." For all intents and purposes this was the evidence sought to be elicited. It was known to the court that Ella E. Wagoner had for many years lived with the deceased, shared with her the responsibilities and conduct of her home, and that she

had cared for and nursed the deceased in her illness. Since the court allowed the statement that the deed was prepared in accordance with the deceased's direction to stand, the court must have given the statement and the existing relations between the grantor and the grantee whatever weight they deserved, and the appellants were not prejudiced.

· 5. We conclude to affirm the judgment and order, upon the ground that, at the time of the execution of the conveyance, Annie Hofheins was not capable of comprehending fully and fairly the nature and effect of the transaction, its extent or its importance, and that her mind had ceased to be a safe guide for her actions.

Let the judgment and order be affirmed.